IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROLLAND SEAN TOWLES,                  :
                                      :
     Petitioner,                      :
                                      :
vs.                                   :    CIVIL ACTION 15-0443-KD-M
                                      :
KENNETH JONES,                        :
                                      :
     Respondent.                      :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be denied as time-barred and that judgment be entered in favor of Respondent, Kenneth Jones, and against Petitioner, Rolland Sean Towles, pursuant to 28 U.S.C. § 2244(d).  It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

1

Petitioner was convicted of murder in the Mobile County Circuit Court on July 14, 2011 for which he received a sentence of twenty years in the state penitentiary (Doc. 1, p. 2; Doc. 17, p. 2). No appeal was filed in this action (*see* Doc. 17, p. 2).[1]

Petitioner filed a State Rule 32 petition on December 2, 2014 (Doc. 17, Exhibit 4, pp. 1-10). Towles sought *in forma pauperis* (hereinafter *IFP*) status three times, but they were denied (*see* Doc. 17, pp. 5-6). Petitioner sought a petition for *writ of mandamus*, requesting that the Alabama Court of Criminal Appeals direct the Circuit Court Judge to grant him IFP status; on July 29, 2015, the appellate court denied the motion, noting that the post-conviction petition fee was $260 and that Towles had had deposits of $1,376 made to his inmate account during the twelve months preceding the filing of the Rule 32 petition (Doc. 17, Exhibit 15). On that same date, Petitioner's motion to "cancel or pull rule 32 held in abeyance due to filing fee" was granted (*see* Doc. 17, p. 6; Doc. 14; Doc. 5, Exhibit 5, p. 5).

Petitioner filed a complaint with this Court on July 30, 2015 raising the following claims: (1) He entered his guilty plea while under the influence of psychotropic medications and

---

[1] Towles appears to admit that his attempt to file an appeal came too late and was underfunded (*see* Doc. 1, p. 3).

narcotics; (2) he was not given the opportunity to back out of his guilty plea; (3) his trial attorney rendered ineffective assistance; and (4) he was denied the opportunity to file a Rule 32 petition (Doc. 1).[2]

Respondent has answered the petition, arguing that it should be dismissed because it was not filed within the one-year statute-of-limitations period (Doc. 17, pp. 8-12).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A).

The AEDPA became effective on April 24, 1996.  *Goodman v.*

---

[2] The Court notes that Petitioner also filed two pleadings understood to be motions to amend (Docs. 13-14).  The Court has reviewed both of them and finds that, although they argue aspects of claims already raised, they do not raise new claims.

The Court further notes that, on this date, Petitioner filed a pleading informing the Court of his rights to a speedy trial (Doc. 22).  The Court notes that The Speedy Trial Act has no application in this action.

*United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on August 25, 2011, the last day on which he could file an appeal of his conviction. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)"). Therefore, Towles had one year, beginning on that date, to seek review in this Court; the last day of that year was August 25, 2012.

The Court notes that Petitioner had filed a Rule 32 petition in state court on December 2, 2014, more than two years after the limitations period had expired. The Eleventh Circuit Court of Appeals has held that "[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.[3]

Clearly, Petitioner's habeas corpus petition was filed well

---

[3] The Court further notes that even had the petition been timely-filed, questions remain as to whether it was properly filed as Towles never paid a filing fee and no ruling was entered as to its claims.

4

beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d).  Towles has asserted that his tardiness is due to his actual innocence of the conviction (Doc. 20, pp. 13-15).

The U.S. Supreme Court, in *Schlup v. Delo*, 513 U.S. 298, 324 (1995), has stated that, in raising an actual innocence defense to a procedural bar, a petitioner must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  The evidence presented "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 327.  In other words, Petitioner must persuade this Court, "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup*, 513 U.S. at 329.  A court can consider constitutional infirmities only after this threshold has been met.

In this action, the Court notes that Petitioner offers only assertions of his innocence.  There is no offer of evidence that was not available at the time of his trial.[4]  The Court finds

---

[4]Petitioner argues that all evidence presented would be "new evidence" since there was no trial (Doc. 30, p. 13).  The Court,

5

that Petitioner has made no showing of actual innocence and has not overcome the statute of limitations problem presented.  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996 (Docs. 20-21).[5]  This action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be denied as time-barred and that judgment be entered in favor of Respondent Kenneth Jones and against Petitioner Rolland Sean Towles pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA

---

however, finds that this finding—that the evidence existed at the time of the trial—is more in keeping with the intent of *Schlup*.

[5]In these pleadings, Petitioner makes arguments relating to the claims brought in this action (Docs. 20-21).  He does not, however, aside from his claim of actual innocence, provide any arguments as to why this Court should not find this petition procedurally barred.

Towles also requests that the Court order certain evidence and appoint him an attorney (Doc. 20).  The Court **DENIES** both requests.

may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Towles has not filed this action in a timely manner, a reasonable jurist could not conclude that this Court errs in dismissing the instant petition or that Petitioner should be allowed to proceed.  *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied and that this action be dismissed.  It is further recommended that any certificate of appealability filed by Petitioner be denied

as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, Kenneth Jones, and against Petitioner, Rolland Sean Towles.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 3rd day of February, 2015.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

8